UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEACH DISTRICT SURGERY CENTER, | No. CV 25-5221-E |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND |
| COMPUTACENTER UNITED STATES, INC., ET AL., | ORDER OF REMAND |
| Defendants. | |

**BACKGROUND AND PROCEEDINGS**

On May 7, 2025, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of Los Angeles. The Complaint alleges, in pertinent part:

> Plaintiff is a "Medical Provider." "Aetna Life Insurance Co. ("Aetna") is and was Defendant's agent and representative in connection with stating the manner of payment for medical services and providing other administrative services relating to the Patient's and Defendant's health plan."

///
///

1  "All of the claims asserted in this complaint are based upon the individual and proper rights of Medical Provider in its own individual capacity and are not derivative of the contractual or other rights of the Medical Provider's Patient. . . . Medical Provider does not in any way seek to enforce the contractual rights of the Medical Provider's Patients, through the Patients' Insurance contract, policies, certificates of coverage or other written insurance agreements."

"On May 9, 2024, Patient received a surgical procedure from Medical Provider."

"On May 01, 2024, so as to determine whether or not to provide services, Medical Provider's representative, N. Escoto, spoke with Defendant's representative, regarding the manner in which Medical Provider would be paid for services."

"Medical Provider asked: does Defendant pay based on UCR [usual and customary rates] for procedure code 29880, 29881, 29882, 29883, 29888 and other similar codes within the same family?"

"Defendant represented to Medical Provider that for services in connection with procedure code 29880, 29881, 29882, 29883, 29888, Defendant pays the UCR rate."

"Defendant represented to Medical Provider that for services in connection with procedure code 29880, 29881, 29882, 29883, 29888, Defendant's payment would not be based on the Medicare Fee Schedule."

///
///

> "Despite representing that payment would be made at the UCR rate, Defendant knew or should have known that it would not be paying Medical Provider at the UCR rate."

> "Despite representing that payment would not be made at a Medicare rate, Defendant knew or should have known that it would be paying Medical Provider at a Medicare rate."

> "Medical Provider relied on and provided services solely based on Defendant's statements, promises and representations.  Statements which had no relation to Defendant and Patient's plan document, as the statements may or may not have been based in the Defendant or Patient's plan documents, but that bore no consideration where Medical Provider agreed to provide medical services [sic].  Medical Provider took Defendant at its word and promises and provided services based solely on those promises and representations."

> "Following the procedure, Medical Provider submitted to Defendant through Aetna any and all billing information required by Defendant and Aetna, including a bill for $61,760.00."

> "Defendant processed the bill and made a payment of $2,260.48."

> "The amount paid was based on Medicare and was well below the UCR amount represented during the oral communications between Medical Provider and Defendant."

Based on these allegations, the Complaint pleads state law claims for negligent misrepresentation and promissory estoppel.

3

On June 9, 2025, Defendant filed a "Notice of Removal" in this Court. Defendant therein claimed that there exists federal question jurisdiction because Plaintiff's state law claims assertedly are "completely preempted by ERISA."[1] On July 17, 2025, Plaintiff filed a "Motion to Remand" ("the Motion"). On July 25, 2025, Defendant filed opposition to the Motion. Plaintiff filed a reply on July 30, 2025, and a "Notice of Supplemental, etc." on August 6, 2025.

The previously noticed August 15, 2025 hearing is vacated. The Court has taken the Motion under submission without oral argument.

**APPLICABLE LAW**

A defendant properly may remove a civil action from state court to federal court only if the action originally could have been brought in federal court. See 28 U.S.C. § 1441(a). Where a complaint pleads only state law claims, there generally is no federal question jurisdiction, even if there may exist a federal preemption defense to the state law claims, including a preemption defense under ERISA. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) ("Davila"). However, claims that purport to rely on state law arise under federal law, and thus support federal question jurisdiction, where Congress has completely preempted the relevant area of the law. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

The removing party bears the burden of proof on the jurisictional issues, and there is a "strong presumption" against removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992). Indeed, remand is required "if there is any doubt as to the right of removal in the first instance." Id.; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it

---

[1] Defendant has not claimed, then or now, that there exists diversity jurisdiction.

appears that the district court lacks jurisdiction, the case shall be remanded.").

The United States Supreme Court has created a two-part test to determine whether state law claims are completely preempted by ERISA.  See Davila, 542 U.S. at 210.  A state law claim "is completely preempted if (1) an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions."  Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) ("Marin") (citing Davila; quotations omitted).

## DISCUSSION

Defendant has failed to carry its burden of demonstrating that complete preemption here applies.  Remand is required.

The present case is legally indistinguishable from the Ninth Circuit's decision in Marin.  There, as here, the plaintiff pled only state law claims arising from the defendant's alleged telephonic promise regarding the rate to be paid for medical services rendered by the plaintiff to a patient covered by an ERISA plan.  In ruling that complete preemption did not apply, the Marin Court reasoned that, under the first prong of the Davila test, that plaintiff's state law claims could not have been brought under ERISA because such claims arose "out of the telephone conversation" and were based on an "alleged oral contract" between the plaintiff and the defendant.  The Marin Court also reasoned that, under the second prong of the Davila test, the plaintiff's claims were based on an "independent" legal duty under state law arising out of the same telephone conversation.

The Marin Court's ruling and reasoning require the same result in the present case.  Plaintiff's state law claims of negligent misrepresentation and promissory estoppel arose "out

of the telephone conversation" between Plaintiff and Defendant.  Under the first prong of the Davila test, such claims could not have been brought under ERISA.  See id.  Further, Plaintiff's claims are based on state law duties arising out of the same alleged telephone conversation, and these are duties "independent" of ERISA within the meaning of the second prong of the Davila test.  See id.

Following Marin, district courts within this Circuit consistently have declined to discern complete preemption in circumstances legally indistinguishable from the present circumstances.  See, e.g., Healthcare Ally Mgmt. of California, LLC v. DIRECTV LLC, 2017 WL 4083142, at *2-3 (C.D. Cal. Sept. 14, 2017); Healthcare Ally Mgmt. of California, LLC v. Veolia ES Industrial Services, Inc., 2016 WL 8711501, at *1-3 (C.D. Cal. Aug. 5, 2016); Galileo Surgery Center, L.P. v. Aetna Health & Life Ins., Co.,  2015 WL 898466, at *2-4 (C.D. Cal. March 3, 2015); Los Angeles Sleep Studies Institute v. Anthem Blue Cross Life & Health Ins., Co., 2014 WL 5421044, at *3-7 (C.D. Cal. Oct. 23, 2014); Cedars-Sinai Medical Center v. American Apparel Inc., 2014 WL 3427451, at *4-6 (C.D. Cal. July 11, 2014); Temple Hospital Corp. v. Gomez, 2014 WL 953445, at *2-3 (C.D. Cal. March 11, 2014); Orthopedic Specialists of Southern California v. ILWU-PMA Welfare Plan, 2013 WL 4441948, at *4-6 (C.D. Cal. Feb. 28, 2013); Bay Area Surgical Mgmt., LLC v. Blue Cross Blue Shield of Minnesota, Inc., 2012 WL 2919388, at *6-7 (N.D. Cal. July 17, 2012).

The Ninth Circuit's decision in Bristol SL Holdings Inc. v. Cigna Health & Life Ins. Co., 103 F.4th 597 (9th Cir. 2024) ("Bristol") does not materially affect the proper analysis.  The Bristol decision does not concern complete preemption, only "conflict preemption."  Consequently, the Bristol decision does not even mention Marin.  Defendant's evident suggestion that the Bristol decision should alter the Davila/Marin complete preemption analysis is rejected.  After Bristol, district courts in this Circuit have continued to apply Marin in circumstances legally indistinguishable from the present circumstances.  See, e.g., Beach District Surgery Center v. Salesforce, Inc., et al., CV 25-1790-SVW(SSCx) (C.D. Cal. July 31,

2025) ("Order Granting Plaintiff's Motion to Remand, etc."); University of Southern California v. Heimark Distributing, LLC, 2024 WL 3582625, at *2-3 (C.D. Cal. July 30, 2024); Emsurgcare v. UnitedHealthcare Ins. Co., 736 F. Supp. 3d 808, 815 & n.2 (C.D. Cal. 2024).

## CONCLUSION

For the foregoing reasons, this action is remanded to the Superior Court of the State of California, County of Los Angeles.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 8, 2025.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of this disposition, Defendant's "Motion to Dismiss, etc.," filed June 16, 2025, is denied without prejudice as moot.